IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMIANTRA MAURICE CLAY,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Respondent. | No. 2:20-CV-2120-JAM-DMC-P<br><br><br><br>ORDER |

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the Court is Petitioner's "request for clarification," which the Court construes as a motion. See ECF No. 1. Petitioner moves for clarification of the status of this case. Id. Petitioner is also the petitioner in Clay v. Covello, 2:20-cv-02356-JAM-DMC.

The Court previously dismissed Petitioner's petition with leave to amend because Petitioner named the State of California as the Respondent rather than the person having custody of the Petitioner. See ECF No. 4. The Court provided Petitioner 30 days to file an amended petition. Id. at 2. The Court also directed Petitioner to resolve the fee status in this case by paying the filing fee or submitting an application to proceed in forma pauperis. ECF No. 3. No amended petition was filed in the above captioned case and the case's fee status remained outstanding. See ECF No. 7. The Court thus issued findings and recommendations recommending that the case be dismissed without prejudice for lack of prosecution. Id.

An administrative error, however, appears to have occurred. Petitioner, in accordance with the Court's order, filed an amended petition with the Court on November 23, 2020. See ECF No. 8; Petition for Writ of Habeas Corpus, Clay v. Covello, 2:20-cv-02356-JAM-DMC (E.D. Ca. Nov. 25, 2020). He contends that he sent the amended petition along with the filing fee. ECF No. 8. That petition, however, appears to have been filed as a new case in Clay v. Covello, 2:20-cv-02356-JAM-DMC. Petition, *supra*. The petition should have been filed as an amended petition in the above captioned case. The Court will thus order the clerk to administratively close Clay v. Covello, 2:20-cv-02356-JAM-DMC, and file the petition in that case as an amended petition in the present case. The amended petition is deemed filed November 23, 2020. The Court's findings and recommendations recommending that this action be dismissed for lack of prosecution will be vacated.

The Court, however, has no record of the required filing fee or a motion from Petitioner to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). The Court will grant 30 days for Petitioner to pay the appropriate filing fee, confirm that the fee was previously paid, or file an application to proceed in forma pauperis. An application to proceed in forma pauperis must be submitted with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the Petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's previous Findings and Recommendations (ECF No. 7) recommending that this action be dismissed without prejudice for lack of prosecution are vacated.

2. The Clerk of the Court is directed to administratively close case number 2:20-cv-02356-JAM-DMC.

3. The Clerk of the Court is directed to file the petition for a writ of habeas corpus filed in 20:20-cv-02356-JAM-DMC as a first amended petition in the above captioned case. The petition is deemed filed as of November 23, 2020.

///

///

       4.       Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the certification required by Rule 3(a)(2), provide evidence that the fee was previously paid, or pay the appropriate filing fee.

       5.       The Clerk of the Court is directed to send Petitioner a new form Application to Proceed in Forma Pauperis by a Prisoner.

Dated: January 21, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3