**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEMIANTRA MAURICE CLAY,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO,<br><br>Respondent. | No.  2:20-CV-2120-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court are Petitioner's first amended petition for a writ of habeas corpus, ECF No. 10, Respondent's answer, ECF No. 19, and Petitioner's traverse, ECF No. 20.  Respondent has lodged the state court record electronically, ECF No. 17.

        Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998).  Under AEDPA, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in

/ / /

/ / /

state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1), federal habeas relief is available only where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law. Under both standards, "clearly established law" means those holdings of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams, 529 U.S. at 412). "What matters are the holdings of the Supreme Court, not the holdings of lower federal courts." Plumlee v. Masto, 512 F.3d 1204 (9th Cir. 2008) (en banc). Supreme Court precedent is not clearly established law, and therefore federal habeas relief is unavailable, unless it "squarely addresses" an issue. See Moses v. Payne, 555 F.3d 742, 753-54 (9th Cir. 2009) (citing Wright v. Van Patten, 552 U.S. 120, 28 S. Ct. 743, 746 (2008)). For federal law to be clearly established, the Supreme Court must provide a "categorical answer" to the question before the state court. See id.; see also Carey, 549 U.S. at 76-77 (holding that a state court's decision that a defendant was not prejudiced by spectators' conduct at trial was not contrary to, or an unreasonable application of, the Supreme Court's test for determining prejudice created by state conduct at trial because the Court had never applied the test to spectators' conduct). Circuit court precedent may not be used to fill open questions in the Supreme Court's holdings. See Carey, 549 U.S. at 74.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# I.  BACKGROUND AND PROCEDURAL HISTORY

## A.  Trial and Direct Appeal

The state appellate court recited the following facts in a 2003 decision which resulted in a sentencing reduction on other grounds, and Petitioner has not offered any clear and convincing evidence to rebut the presumption that these facts are correct:[1]

> Victim Johnson testified that he went to a house in Oak Park in late October 1997 to pick up a friend's dog. He was aware drug sales took place at the house.
> Victim McKissack opened the front door and indicated the dog was in the back. Victim Johnson walked through the house toward the back door. The defendants[2] were standing with Joe Barnes in a laundry room adjacent to the kitchen. Victim Johnson had known both Joe Barnes and defendant Flemmings for years, and he greeted them. He also recognized defendant Clay, whom he knew less well; he did know defendant Clay went by the nickname of "Bout It" and had a tattoo depicting the state of Arkansas. Victim Johnson was not aware anyone else was in the house.
> Without warning, Joe Barnes put victim Johnson in a choke hold and pointed a gun at his head. Defendant Clay was also holding a gun, and victim Johnson heard the two defendants ask, "Where's the dope and money at?" Victim Johnson focused his attentions on Joe Barnes, repeatedly asking how he could do this despite their long acquaintance. Joe Barnes whispered to be quiet, demurring to any attempt to harm him, and eventually released his hold.
> Defendant Flemmings disappeared momentarily into another part of the house. Victim Johnson heard a shot. When defendant Flemmings returned to the kitchen, victim Johnson first noticed that he, too, had a gun in his hand.
> Victim McKissack was sitting on the kitchen floor. Defendant Clay, who had his gun pointing toward him, asked, "Are you all about ready to do this?" Victim Johnson heard a shot and saw victim McKissack fall over, but did not see who had fired the shot.
> Victim Johnson fled with defendant Clay in pursuit, who grabbed his jacket and tussled with him as they reached the front door. Victim Johnson hit defendant Clay and slipped out of his jacket. Dashing across the front yard, he heard a voice behind him shout, "Shoot that nigger. Shoot that nigger." He believed the voice, which had a slight southern accent, was defendant Clay's. He heard three gunshots, felt the impact of bullets, and fell to the ground.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), ". . . a determination of a factual issue made by a State court shall be presumed to be correct." Findings of fact in the last reasoned state court decision are entitled to a presumption of correctness, rebuttable only by clear and convincing evidence. See Runningeagle v. Ryan, 686 F.3d 759 n.1 (9th Cir. 2012). Petitioner bears the burden of rebutting this presumption by clear and convincing evidence. See id. These facts are, therefore, drawn from the state court's opinion(s), lodged in this court. Petitioner may also be referred to as "defendant."

[2] Petitioner was tried with co-defendant Larnell Lee Flemmings.

Victim Johnson had gunshot wounds to his back and abdomen. Victim McKissack died of a gunshot wound to his head. The police found victim Fort in a bedroom near the kitchen; he had gunshot wounds in his neck and chest, which resulted in paralysis. Expert analysis of the bullet casings found at the scene established that all came from the same gun.

ECF No. 10, pgs. 13-15 (Court of Appeal's opinion attached to amended petition as "Appendix A").

Petitioner was convicted of first-degree murder during the commission of a robbery (as a special circumstance), two counts of attempted murder, and attempted first degree robbery, all while personally using a gun. See id. at 12. Petitioner, who was 15 years of age at the time the crimes were committed, was prosecuted as an adult. See id. at 16. The trial court sentenced him to state prison. See ECF No. 10, Appendix A, pg. 12. Petitioner appealed on both evidentiary and sentencing grounds. See id. at 12-13. The government conceded that the special circumstance allegation should be stricken and that the life sentence Petitioner received should be vacated. See id. at 13. The appellate court also found that there was insufficient evidence of an attempted robbery. See id. The court otherwise affirmed the verdict and remanded the case for resentencing. See id. The record does not reflect further proceedings on direct appeal which, in any event, are not relevant here as discussed below.[3]

**B.    State Post-Conviction Proceedings**

In 2019, Petitioner filed a habeas corpus petition in the Sacramento County Superior Court arguing that he was improperly tried as an adult and seeking retroactive application of a state law "SB 1391," which became effective on January 1, 2019. See ECF No. 17-1, pg. 1. Petitioner sought retroactive application of the new law. See id. In denying post-conviction relief, the superior court held:

> It is currently an open question whether SB 1391 is consistent with and furthers the intent of Proposition 57, as is required by Proposition 57, § 5, effective November 9, 2016, before a statutory change to Proposition 57, §§ 4.1 and/or 4.2 may be passed by the Legislature on a majority vote and signed by the Governor, without approval by the voters. However, this court need not decide the issue, as SB 1391, even if it did become effective on January 1, 2019, is not retroactive to petitioner.

---

[3] Petitioner's petition for federal habeas relief from the underling conviction and sentence was denied. See Clay v. Knowles, 2005 WL 3406316 (E.DD. Cal. 2005), rept. & recomm. Adopted, 2006 WL 2331127 (E.D. Cal. 2006).

4

>       Specifically, petitioner's judgment in Case No. 97F08683 has been
> final since 2003, after his resentencing following remand from the
> appellate court. SB 1391 contains no provision regarding retroactivity.
> As the changes are similar to changed made by Proposition 57 with regard
> to direct-filing in adult court, it appears that the reasoning set forth in
> People v. Superior Court (Lara) (2018) 4 Cal.5th 299, regarding the
> Proposition 57 changes, apply to SB 1391 as well. Lara held that the
> Proposition 57 repeal of direct-filing of juveniles in adult court in certain
> criminal cases applies retroactively only to those juveniles charged
> directly in adult court whose judgment was not final at the time it was
> enacted. As petitioner's judgment was already final, under Lara SB 1391
> is inapplicable to petitioner.
>
> ECF No. 17-1, pgs. 1-2.

Both the California Court of Appeal and the California Supreme Court denied Petitioner's petition for a writ of habeas corpus without comment or citation. See ECF Nos. 17-2 (Court of Appeal decision), 17-3 (Supreme Court decision).

## II. DISCUSSION

In the first amended petition, Petitioner argues: "Petitioner's constitutional right to due process of the law and/or his constitutional right to the equal protection of the law was violated when the California state court's [sic] denied him the benefits of SB 1391." ECF No. 10, pg. 8. In support of this claim, Petitioner contends that it is well-settled that misapplication of state law violates the federal constitution. See id. Petitioner also states: "At issue here is the interpretation of California newly enacted Senate Bill 1391 (SB 1391)." Id.

As to this claim, Respondent argues: (1) claims based on state law are not cognizable on federal habeas review; and (2) even if it was cognizable because the claim raised a federal constitutional issue, the state court's determination was neither contrary to nor based on an unreasonable application of clearly established federal law. See ECF No. 19. As to this last point, Respondent argues there is no Supreme Court precedent supporting Petitioner's claim. See id. at 3. Citing Nogales v. Becerra, 2020 WL 7241164, at *5 (S.D. Cal. 2020), rept. & recomm.

///

///

///

1  Adopted, 2021 WL 963479 (S.D. Cal. 2021), Respondent contends:

2  > The State has chosen to retroactively apply SB 1391 only to 14- and 15-year-olds whose convictions are not final. However, the Equal Protection Clause does not mandate that a prisoner whose conviction is final must receive the benefit of a change in state law that might have benefitted him if his conviction had not been final at the time of the change. *See Sperry & Hutchinson Co. v. Rhodes*, 220 U.S. 502, 505 [] (1911) ("[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time."); *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991) ("There is no denial of equal protection in having persons sentenced under one system for crimes committed before July 1, 1984 and another class of prisoners sentenced under a different system.") (citations omitted); *Jones v. Cupp*, 452 F.2d 1091, 1093 (9th Cir. 1971) ("There is nothing unconstitutional in a legislature's conferring a benefit on prisoners only prospectively.") (internal quotation marks and citation omitted); . . .

ECF No. 19, pg. 3.

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is not available for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

However, a "claim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so infects the entire trial that the resulting conviction violates the defendant's right to due process." Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th Cir. 1980)); see also Lisenba v. California, 314 U.S. 219, 236 (1941). In order to raise such a claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962); Crisafi v. Oliver, 396 F.2d 293, 294-95 (9th Cir. 1968); Chavez v. Dickson, 280 F.2d 727, 736 (9th Cir. 1960).

///

///

///

The Court agrees with Respondent that Petitioner's claim is not cognizable. As Petitioner concedes in the amended petition, this case involves ". . .interpretation of California newly enacted Senate Bill 1391 (SB 1391)." ECF No. 10, pg. 8. As indicated above, federal habeas relief is not available to re-try issues of state law, which is precisely what Petitioner seeks here. Moreover, nothing in Petitioner's claim that he should enjoy retroactive application of SB 1391 implicates the fairness of the underlying trial such that this Court could consider the claim on due process grounds.

Even if the Court were to presume that Petitioner's claim implicates federal constitutional rights to due process and/or equal protection – aspects of Petitioner's claim which appear not to have been presented to the state courts – the Court should reject the claim because there is no clearly established Supreme Court precedent upon which to rely.[4] In sum, the state court's determination of Petitioner's claim was neither contrary to nor based on an unreasonable application of clearly established federal law for the simple reason that none exists. See e.g. McQueary v. Blodgett, 924 F.2d 829 (9th Cir. 1991) ("There is no denial of equal protection in having persons sentenced under one system for crimes committed before [a new sentencing statute became law] and another class of prisoners sentenced under a different system") (quoting Foster v. Washington State Board of Prison Terms and Paroles, 878 F.2d 1233, 1235 (1989)).

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Petitioner's first amended petition for a writ of habeas corpus, ECF No. 10, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections.

///

---

[4] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 5, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE