UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMIANTRA MAURICE CLAY,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK COVELLO,<br><br>    Respondent. | No. 2:20-cv-02120-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR FEDERAL HABEAS RELIEF<br><br>(Doc. Nos. 10, 23) |

Petitioner Demiantra Maurice Clay proceeds *pro se* with a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 10.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 6, 2022, after the filing of an answer and a traverse, the assigned magistrate judge issued findings and recommendations recommending that the pending first amended petition for federal habeas relief be denied.[1] (Doc. No. 23.) The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id*. at 7.) After receiving an extension of time to do so, on

/////

---

[1] Thereafter, on August 25, 2022, this case was reassigned to the undersigned district judge. (Doc. No. 25.)

1  October 11, 2022, petitioner filed timely objections to the pending findings and
2  recommendations.  (Doc. Nos. 26, 27.)  Respondent filed no response to petitioner's objections.
3      In his objections to the pending findings and recommendations, petitioner in large part
4  repeats the arguments presented in his first amended petition and traverse.  (Doc. Nos. 10, 20,
5  27.)  In short, petitioner continues to argue that he should be entitled to the retroactive application
6  of California's SB 1391, which in 2018 amended California Welfare and Institutions Code § 707
7  to effectively raise the minimum age for a child to be tried as an adult in California to 16.  *See*
8  *Nogales v. Becerra*, No. 19-cv-02485-LAB-WVG, 2020 WL 7241164, at *3 (S.D. Cal. Dec. 9,
9  2020), *report and recommendation adopted*, 2021 WL 963479 (S.D. Cal. Mar. 15, 2021).
10 Petitioner argues that the failure to apply that ameliorative change in state law retroactively to his
11 case was contrary to California law and thus also in violation of his right to equal protection and
12 due process under the U.S. Constitution.  (Doc. No. 27 at 1–3.)  However, petitioner's contention
13 in this regard lacks merit.  Under California law he is not entitled to the retroactive application of
14 the new law passed in 2018 to his conviction which became final many years before in 2003
15 (Doc. No. 10 at 39).  *See In re Estrada,* 63 Cal. 2d 740, 744–45(1965) ("The key date is the date
16 of final judgment . . .. The amendatory act imposing the lighter punishment can be applied
17 constitutionally to acts committed before its passage provided the judgment convicting the
18 defendant of the act is not final."); *People v. Padilla*, 13 Cal. 5th 152, 162 (2022) ("[A]bsent a
19 discernable intent to the contrary, ameliorative criminal laws apply to all *nonfinal* cases.")
20 (emphasis added); *In re Hunter W.*, 88 Cal. App. 5th 358, 366 (2023) ("Thus, under the rule of
21 retroactivity announced in *Estrada*, we presume, absent evidence to the contrary, that statutes that
22 reduce punishment for criminal conduct apply retroactively to all defendants whose sentences are
23 not final on the statute's operative date."); *People v. White*, 86 Cal. App. 5th 1229, 1241 (2022)
24 (ameliorative criminal laws "apply retroactively only to nonfinal cases") (citing *Estrada*, 63 Cal.
25 2d at 746).  Because state law was not violated, petitioner's due process and equal protection
26 claims necessarily lack merit even if they were otherwise cognizable.  Thus, petitioner's
27 objections do not meaningfully address or call into question the analysis contained within the
28 pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Additionally, the court declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations filed on July 6, 2022 (Doc. No. 23) are adopted in full and the first amended petition for federal habeas relief (Doc. No. 10) is denied;

2. The court declines to issue a certificate of appealability; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **April 11, 2023**                              _____
                                                        UNITED STATES DISTRICT JUDGE